UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br>PAUL WAGNER,<br><br>                    Defendant. | Case No. 2:10-cr-00399-MMD-GWF<br><br>ORDER |

This Court previously denied Defendant Paul Wagner's motion for a new trial in an Order issued on October 21, 2015 ("Order"), before the government responded. (Dkt. no. 238.) Defendant now moves for reconsideration of the Order. (Dkt. no. 242.) The government has responded (dkt. no. 243) and Defendant has replied (dkt. no. 244).

The Federal Rules of Criminal Procedure do not expressly permit motions for reconsideration, although courts have permitted such motions to be filed. *See United States v. Christopherson*, No. 2:09-cr-0056-MMD-VCF (D. Nev. Dec. 12, 2012) (order denying reconsideration of motions for judgment of acquittal); *United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). In considering motions for reconsideration, courts have applied the same standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See United States v. Mendez,* No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).

In the Order, the Court determined that it cannot address Defendant's motion for a new trial while his appeal is pending. (Dkt. no. 238 at 2.) In seeking reconsideration, Defendant argues that the Court does have the power to address his motion for a new trial. (Dkt. no. 242 at 3-5.) Defendant is correct in pointing out the Court's error. "A trial court has the power to deny a motion for new trial, without remand to it, while the case is on appeal." *United States v. Clay,* 476 F.2d 1211, 1215 (9th Cir. 1973) (citations omitted). "Only after the district court has heard the motion and decided to *grant* it is it is necessary to request a remand from the appellate court." *United States v. Frame,* 454 F.2d 1136, 1138 (9th Cir. 1972), cert. denied, 406 U.S. 925 (1972). Accordingly, the Court will grant Defendant's motion for reconsideration and will address his motion for a new trial.

It is therefore ordered that Defendant's motion for reconsideration (dkt. no. 242) is granted. Defendant's request for a ruling on his motion (dkt. no. 245) is denied as moot.

The Court had denied Defendant's motion for a new trial without permitting the government to respond. Because the Court has the authority to address Defendant's motion for a new trial, the Court directs the government to respond to Defendant's

motion for a new trial within thirty (30) days. Defendant will have fifteen (15) days from the government's service of its response to file a reply.

DATED THIS 6th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3