# UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>PAUL WAGNER | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>Case Number: 2:10-CR-399-MMD-GWF<br>USM Number: 45159-048 |

**Date of Original Judgment:** 7/22/2013
(Or Date of Last Amended Judgment)

Mitchell Posin
Defendant's Attorney

Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

√ Modification of Restitution Order (18 U.S.C. § 3664) to reflect joint and several amounts for the payment of restitution

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

√ was found guilty on count(s) 1, 2, 3, 4, 5, 6, 7, 13, 14, 15, 16 and 17 of the superseding indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §1349 | Conspiracy to Commit Bank Fraud and Wire Fraud | 4/2/2009 | 1 |
| 18 USC §1344 | Bank Fraud | 3/26/2013 | 2-7, 13, 14 |
| 18 USC §1343 | Wire fraud | 4/2/2009 | 15-17 |

The defendant is sentenced as provided in pages 2 through ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x Count(s) remaining counts ☐ is x are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

7/22/2013
Date of Imposition of Judgment

_[signature]_
Signature of Judge
MIRANDA M. DU, U.S. DISTRICT JUDGE
Name and Title of Judge

June 9, 2017
Date

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 2 - Imprisonment

Judgment - Page 2 of 7

DEFENDANT: PAUL WAGNER
CASE NUMBER: 2:10-CR-399-MMD-GWF

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

168 months per count, to be served concurrently

√ The court makes the following recommendations to the Bureau of Prisons:

that the Defendant be designated to serve his term of incarceration as close to Las Vegas, NV as possible and that he be provided with treatment for a current medical condition.

√ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 11/16) Amended Judgment in a Criminal Case      (NOTE: Identify Changes with Asterisks (*))
Sheet 3 - Supervised Release

Judgment - Page __3__ of __7__

DEFENDANT: PAUL WAGNER
CASE NUMBER: 2:10-CR-399-MMD-GWF

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  5 years per count for Counts 1-7, 13 and 14; 3 years per count for Counts 15-17; All to be served concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - √ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. √ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 3A - Supervised Release

Judgment - Page 4 of 7

DEFENDANT: PAUL WAGNER
CASE NUMBER: 2:10-CR-399-MMD-GWF

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchukus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's signature _____  Date _____

AO 245C   (Rev. 11/16) Amended Judgment in a Criminal Case            (NOTE: Identify Changes with Asterisks (*))
         Sheet 3D - Supervised Release

Judgment - Page 5 of 7

DEFENDANT: PAUL WAGNER
CASE NUMBER: 2:10-CR-399-MMD-GWF

# SPECIAL CONDITIONS OF SUPERVISION

1. You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. You shall be restricted from engaging in employment, consulting, or any association with any real estate, mortgage, or real estate developing business for a period of five years.

6. You shall not have contact, directly or indirectly, associate with, or be within 500 feet of co-conspirators, their residence or business, and if confronted by co-conspirators in a public place, you shall immediately remove yourself from the area.

7. You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case         (NOTE: Identify Changes with Asterisks (*))
Sheet 5 - Criminal Monetary Penalties

Judgment - Page  6  of  7

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| **TOTALS** | $1,200.00 | $ | $ | $3,610,935.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| Bank of America | $215,164.00 | $215,164.00 | |
| FDIC (see below) | $1,072,638.00 | $1,072,638.00 | |
| US Bank | $238,800.00 | $238,800.00 | |
| Citi Mortgage, Inc. | $201,006.00 | $201,006.00 | |
| Fannie Mae | $849,380.00 | $849,380.00 | |
| Freddie Mac | $796,092.00 | $796,092.00 | |
| Central Mortgage Co. | $237,855.00 | $237,855.00 | |

The Court finds that the FDIC is not considered as the "United States" or an insured for purposes of paid restitution in multiple victim cases.

| **TOTALS** | $  3,610,935.00 | $  3,610,935. 00 |
|------------|-----------------|------------------|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
Sheet 6- Schedule of Payments

Judgment - Page 7 of 7

DEFENDANT: PAUL WAGNER
CASE NUMBER: 2:10-CR-399-MMD-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** √ Lump sum payment of $ 3,612,135.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

√ Joint and Several * (Joint and several amounts furnished in amended J&C, not in the original)
  Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Joint and Several Amount, and

  See attached table for the Defendants, case numbers and joint and several amounts. .

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

√ The defendant shall forfeit the defendant's interest in the following property to the United States:
the items listed in the final order of forfeiture (attached.)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL WAGNER,

    Defendant.

2:10-CR-399-MMD-(GWF)

## AMENDED ORDER OF FORFEITURE

This Court found on November 28, 2012, that PAUL WAGNER shall pay a criminal forfeiture money judgment of $4,287,082 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p). Superseding Criminal Indictment, ECF No. 31; Minutes of Jury Trial Proceedings, ECF No. 121; Jury Verdict, ECF No. 122; Order of Forfeiture, ECF No. 133. On July 24, 2013, the government asked the Court to amend the order to $3,610,935.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from PAUL WAGNER a criminal forfeiture money judgment in the amount of $3,610,935 in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(2)(A); and Title 21, United States Code, Section 853(p).

DATED this 30th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE

Defendant: Paul Wagner
2:10-cr-399-MMD-GWF
Joint & Several amounts

| Case number | Defendant name | Joint and several amount |
| --- | --- | --- |
| 2:10-cv-303-GMN-VCF | Joshua Weissbuch | $1,054,635.26 |
| 2:10-cr-302-HDM-LRL | Russell Pachinger | $795,529.26 |
| 2:12-cr-446-GMN-VCF | Mark Gonzalez | $1,486,002.00 |
| 2:10-cr-319-JCM-PAL | Parker Enloe, | $576,701.46 |
| 2:10-cr-300-JCM-PAL | Shari Wong-Culotta | $676,499.74 |
| 2:10-cr-320-KJD-PAL | Todd Emond | $566,511.42 |
| 2:10-cr-272-LDG-GWF | Angela Ockunzzi | $366,184.42 |
| 2:10-CR-296-ECR-RJJ | Thomas Meeks | $506,945.00 |
| 2:10-cr-317-LDG-RJJ | Dennis Morales | $206,531.48 |