UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:10-cr-00399-MMD-GWF-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| PAUL WAGNER, | |
| Defendant. | |

The Court issued an Omnibus Order Regarding Clarification of Restitution ("Omnibus Order") seeking clarifications as to restitution that Defendants were ordered to pay jointly and severally—in nine cases ("Nine Cases"). (ECF No 293.) The government responded (ECF No. 298), and Defendant Paul Wagner filed both a response (ECF No. 299), and supplemental response (ECF No. 309), to the Omnibus Order with leave of Court.[1] The Court will direct entry of an amended judgment for the sole purpose of clarifying errors with respect to restitution only relating to Wagner.

First, the Court agrees with the parties that one account should be listed for the 6789 Kostner Street property with Federal National Mortgage Association ("Fannie Mae") as the victim. Wagner owes $175,245.42 for this property, jointly and severally with the other Defendants identified in the Nine Cases.

///

---

[1] Wagner's initial response addressed the Omnibus Order in part and asked for leave to file a supplemental response after his appeal had been decided. (ECF No. 299 at 2.) After the Ninth Circuit Court of Appeals affirmed, the Court permitted Wagner to supplement his response, which he did. (ECF Nos. 307, 309.) Wagner's supplement asked the Court to delay restitution pending his petition for writ of certiorari, although Wagner also further addressed the Omnibus Order. (ECF No. 309 at 2-3.) To the extent Wagner's supplement seeks a stay of enforcement of restitution, the request is denied. The Omnibus Order involved clarifications of discrepancies when the Court's Finance Department tried to track restitution ordered in the nine cases (ECF No. 293); it was not an invitation to stay or delay enforcement of the restitution ordered in this case.

Second, Wagner owes restitution in the amount of $225,198.32 for the 9132 Fusion Drive property only to Fannie Mae, jointly and severally with Defendants identified in the Nine Cases. This results in deletion of Wagner's double obligation for this property.

Third, for the 8270 Amtrak Express property, several defendants each owe the same amount to Fannie Mae while the information supporting the restitution shows that Wagner owes this amount to JMAC Lending. Therefore, the Court directs that the victim for this property be modified from JMAC Lending to Fannie Mae. Accordingly, Wagner owes Fannie Mae $197,381.52 on this property, jointly and severally with Defendants identified in the Nine Cases.

Fourth, Wagner was ordered to pay restitution in the amount of $3,610,935.00. However, the victim amounts only added up to $2,942,210.00. Applying the additional reduction for the 9132 Fusion Drive property reflected as owing to the FDIC (by $206,531.48), the total amount of restitution will be $2,735,678.52. Accordingly, the judgment as to Wagner will be amended to reflect this lower total amount of restitution—of $2,735,678.52.

Finally, the attached revised spreadsheet will be attached to the amended judgment.

DATED THIS 3rd day of April 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

Attachment
(see next page)

| | |
|---|---:|
| Bank of America | $215,164.00 |
| US Bank | $238,800.00 |
| Citimortgage | $201,006.00 |
| Fannie Mae | $1,046,761.52 |
| Freddie Mac | $796,092.00 |
| Central Mortgage | <u>$237,855.00</u> |
| **_Total_** | **$2,735,678.52** |