LAW OFFICE OF JAY A. NELSON
Jay A. Nelson
Admitted *pro hac vice*
637 SW Keck Drive, No. 415
McMinnville, OR 97128
Telephone: (503) 857-0873
Facsimile: (503) 419-4371
Email: jay@jayanelson.com

Attorney for Defendant Paul Wagner

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WAGNER,<br><br>Defendant. | Case No. 2:10-cr-00399-MMD-GWF-1<br>Related Case No. 2:19-cv-01540-MMD<br><br>UNOPPOSED MOTION FOR EXTENSION OF TIME TO COMPLY WITH ORDER DATED NOVEMBER 23, 2021 (ECF NO. 359); DECLARATION OF COUNSEL IN SUPPORT<br><br>(First Request) |

# **MOTION**

Defendant Paul Wagner, by and through his counsel, respectfully moves for a 90-day extension of time—to March 17, 2022—to comply with the Court's order dated November 23, 2021 (ECF No. 359). The good cause for this motion is set forth in the attached declaration of counsel. As set forth therein, the government does not object to this request. *See* Declaration of Jay A. Nelson ("Nelson Decl.") ¶ 10. This is Mr. Wagner's first extension request.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: November 30, 2021 | LAW OFFICE OF JAY A. NELSON |
|  | */s/ Jay A. Nelson*<br>JAY A. NELSON<br>637 SW Keck Drive, No. 415<br>McMinnville, OR 97128 |
|  | Attorney for Defendant Paul Wagner |

IT IS SO ORDERED.

_____
THE HONORABLE MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

DATED: \_\_December 1, 2021\_\_

### DECLARATION OF JAY A. NELSON

I, Jay A. Nelson, declare under penalty of perjury as follows:

1. I serve as counsel to Defendant Paul Wagner in the above-captioned matter. I am a member of this Court's Criminal Justice Act Appellate Panel, and am admitted in this case *pro hac vice*. Except where otherwise expressly noted, I state the following on personal knowledge and if called as a witness could testify competently thereto.

2. On April 23, 2021, the Court appointed me to represent Mr. Wagner in these 28 U.S.C. § 2255 proceedings. ECF No. 357. "Because briefing on Wagner's motion to vacate [was already] completed, the Court appoint[ed] [me] mainly for the purpose of receiving Wagner's files from" predecessor counsel. *Id*.

3. On May 3, 2021, I moved on Mr. Wagner's behalf to defer submission of his section 2255 motion for 120 days, so that I could review this case and either file (1) an amended section 2255 motion asserting one or more claims of ineffective assistance of appellate counsel, or (2) a notice that no such claims would be raised. ECF No. 358.

4. On November 23, 2021, the Court granted Mr. Wagner's request *nunc pro tunc*, with "additional time, until December 17, 2021, to pursue either alternative indicated in [the] Motion." ECF No. 359.

5. For the following reasons, I respectfully request an extension of time until March 17, 2022 to comply with the Court's November 23 order.

6. First is the limited scope of the Court's initial appointment order. As noted, the Court appointed me "mainly for the purpose of receiving" Mr. Wagner's case file from predecessor counsel. ECF No. 357. Given the narrow scope of my appointment, I was not at liberty to pursue the large volume of work contemplated by Mr. Wagner's May 2021 motion unless the Court granted me permission to do so, including a related

(and significant) reservation about whether the work would be compensable under the Criminal Justice Act ("CJA").

7. Given this circumstance, the task of assembling, organizing, reviewing, and assessing Mr. Wagner's case remains before me. As of this writing, I have reviewed the relevant docket reports—which reflect, *inter alia*, a 359-entry clerk's record, Mr. Wagner's 13-day jury trial, and his direct appeal—and I have applied for CJA funding to engage the assistance of a highly qualified paralegal. A significant amount of work remains, however, for me to fully comprehend Mr. Wagner's case.

8. Due in part to the uncertainty surrounding my role in these proceedings while Mr. Wagner's May 2021 motion was pending, I have accumulated a significant number of professional responsibilities in other matters over the coming months. A non-exhaustive representative list of my upcoming obligations includes, but is not limited to, the following:

   a. On or before December 23, 2021, filing my client's reply memorandum and motion for an evidentiary hearing in *United States v. Seugasala*, D. Alaska No. 3:13-cr-92-RRB, a complex section 2255 proceeding involving a life sentence;

   b. On or before December 23, 2021, filing my client's opening brief in *Smith v. Baca*, Ninth Cir. No. 20-15278, a serious 28 U.S.C. § 2254 matter also involving a life sentence;

   c. On or before December 23, 2021, filing my client's opening brief in *United States v. Tejeda*, Ninth Cir. No. 21-30103;

   d. On or before December 29, 2021, filing my client's opening brief in *United States v. Vaifanua*, Ninth Cir. No. 21-30183, which similarly involves a *de facto* life sentence;

   e. On January 13, 2022, attending oral argument in Pasadena in *United States v. Pearson*, Ninth Cir. No. 20-10239, which also involves a *de facto* life sentence;

   f. On January 14, 2022, attending oral argument in Pasadena in *United States v. Heredia*, Ninth Cir. No. 20-10416;

   g. On or before February 7, 2022, filing my client's opening brief in *United States v. Storer*, Ninth Cir. No. 21-30213, an expedited appeal subject to particularly strict briefing deadlines; and

   e. Throughout this period, assisting two clients with compassionate release (and other) requests for relief arising out of family and medical hardships.

 9. In addition to the foregoing, the time period contemplated by this motion encompasses the winter holiday season and a period of pre-planned personal leave.

 10. I have addressed this request with Assistant United States Attorney William R. Reed. Mr. Reed responded that the government does not object.

 11. Based on the foregoing, I ask the Court to recognize the diligence and substantial need supporting this request, and thus to extend the time for Mr. Wagner to comply with the Court's order to March 17, 2022.

 I declare under penalty of perjury of the laws of the United States that the forgoing is true and correct.

DATED: November 30, 2021         */s/ Jay A. Nelson*
                 JAY A. NELSON

**PROOF OF SERVICE**

I, Jay A. Nelson, certify that I have served all parties in this matter by filing the foregoing pleading electronically, as set forth by LR IC 4-1 and LCR 49-1.

DATED: November 30, 2021
*/s/ Jay A. Nelson*
JAY A. NELSON